# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| MICHELLE LEE HOFF, | : | Case No. 1:17-cv-550 |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 15) AND
## TERMINATING THIS CASE IN THIS COURT

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on July 20, 2018, submitted a Report and Recommendation. (Doc. 15). Plaintiff filed objections on August 3, 2018. (Doc. 16). Defendant filed a response to Plaintiff's objections on August 8, 2018. (Doc. 18).

After reviewing the Report and Recommendation, Plaintiff's objections, and the case record, the Court finds that Plaintiff's objections are not well-taken. Plaintiff raises four objections.

First, Plaintiff claims the Report and Recommendation erred in finding that substantial evidence supported the ALJ's reasons for rejecting the opinions of treating

physicians Dr. Chunn, Dr. Yeh, and Dr. Simons. However, the Court agrees with the Report and Recommendation that the ALJ provided "good reasons" for the weight given to the treating doctors' opinions. The ALJ explained that she afforded the treating physicians' opinions little weight because they provided conclusory determinations of disability, not medical opinions. Moreover, many of the statements made by the treating physicians were not well-supported and were inconsistent with the record as a whole. (Doc. 15 at 7–16).

Second, Plaintiff objects the ALJ affording great weight to the opinions of Dr. Klyop and Dr. Manos, state agency medical consultants. While ALJs are generally required to give greater deference to the opinions of treating physicians than non-treating physicians, in some circumstances it is appropriate to give greater weight to non-examining consultants. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009). Here, as the Report and Recommendation discusses, the ALJ adequately explained that she afforded great weight to the opinions of Dr. Klyop and Dr. Manos because no other source had access to as complete a record as the consulting doctors. (Doc. 15 at 17–18). The Court agrees with the Report and Recommendation that the ALJ did not commit a reversible error in affording great weight to the opinions of the medical consultants.

Third, Plaintiff argues that the ALJ erred in affording little weight to the opinions of Dr. Bell and Dr. Koppenhoefer. However, the ALJ reasonably found that Dr. Koppenhoefer's opinions were entitled to little weight because they were not based on objective findings. Additionally, the ALJ reasonably found that Dr. Bell's opinion was

entitled to little weight because he did not perform or have access to any functional testing results and his conclusions were at odds with Plaintiff's own reports. (*Id.* at 18).

Fourth, Plaintiff argues that the ALJ erred in discrediting Plaintiff's credibility. To the contrary, the ALJ properly discounted the Plaintiff's testimony where it contradicted with medical records, her testimony, and other evidence. The Court agrees with the Report and Recommendation that the ALJ's credibility assessment was supported by substantial evidence of many inconsistencies in the record. (*Id.* at 19–22).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that the Report and Recommendation should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) The Commissioner's decision to deny Plaintiff Disability Insurance Benefits is **AFFIRMED**, as that decision is supported by substantial evidence;

2) The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 8/28/18

Timothy S. Black
United States District Judge